SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*IMPLICIT NETWORKS, INC.*

ORIGINAL
FILED

AUG 2 3 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JCS

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IMPLICIT NETWORKS, INC.,

        Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

        Defendant.

CV 10    3746

Case No. _____

**ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff Implicit Networks, Inc. ("Implicit" or "Plaintiff") hereby files its complaint against defendant Hewlett-Packard Company ("HP" or "Defendant"), for patent infringement.  For its complaint, Plaintiff alleges, on personal knowledge as to its own acts and on information and belief as to all other matters, as follows:

**PARTIES**

1.     Implicit is a corporation organized under the laws of the State of Washington, with its principal place of business in Seattle, Washington.

2.     HP is a corporation organized under the laws of the State of Delaware, with its principal place of business in Palo Alto, California.

**JURISDICTION AND VENUE**

3.     This complaint asserts a cause of action for patent infringement under the Patent Act, 35 U.S.C. § 271.  This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. § 1338(a).  Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b), in that HP may be found in this district, have committed acts of infringement in this district, and a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of the action is situated in this district.

4.     This Court has personal jurisdiction over HP because Defendant has a place of business in, and provides infringing products and services in, the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

5.     Pursuant to Civil LR 3-2(c), this case should be subject to district-wide assignment because it is an Intellectual Property Action.

## COUNT I

## PATENT INTRINGEMENT
### (Data Flow Processing Patents)

6.     On September 30, 2003, United States Patent No. 6,629,163 ("the Data Flow

Processing Patents-in-Suit") entitled "Method and System for Demultiplexing a First

Sequence of Packet Components to Identify Specific Components Wherein Subsequent

Components are Processed Without Re-Identifying Components" was duly and legally

issued.  A true and correct copy of the '163 patent is attached as Exhibit A.  On June 22,

2010, an Ex Parte Reexamination Certificate was duly and legally issued.   A true and correct

copy of the Reexamination Certificate is attached as Exhibit B.

7.     On May 4, 2010, a continuation patent was issued, United States Patent No.

7,711,857 ("the '857 patent") entitled "Method and System for Data Demultiplexing" was

duly and legally issued.  A true and correct copy of the '857 patent is attached as Exhibit C.

8.     Edward Balassanian is the sole inventor of the '163 and '857 patents

(collectively "Data Flow Processing Patents-in-Suit").  The Data Flow Processing Patents-in-

Suit have been assigned to Plaintiff.  Plaintiff Implicit is the sole legal and rightful owner of

the Data Flow Processing Patents-in-Suit.

9.     HP makes, uses, and sells products that infringe the Data Flow Processing

Patents-in-Suit, such products including without limitation, TippingPoint Threat Suppression

Engine, TippingPoint Threat Suppression Engine, H3C Intelligent Management Center

(IMC) Quality of Service Manager (QoSM), and HP IMC Network Traffic Analyzer.

10.     In addition, HP has infringed and is still infringing the Data Flow Processing

Patents-in-Suit patents in this country, through, *inter alia*, its active inducement of others to

make, use, and/or sell the systems, products and methods claimed in one or more claims of

the patents.  In addition, HP has infringed and is still infringing these patents in this country through, *inter alia*, providing and selling goods and services including products designed for use in practicing one or more claims of the patents, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the patents.  HP has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes these patents.

11.     As a result of the infringement by HP, Plaintiff has been damaged, and will continue to be damaged, until this Defendant is enjoined from further acts of infringement.

12.     HP will continue to infringe unless enjoined by this Court.  Plaintiff faces real, substantial and irreparable damage and injury of a continuing nature from infringement for which Plaintiff has no adequate remedy at law.

## COUNT II

### PATENT INFRINGEMENT
### (Application Server Patents)

13.     On November 27, 2001, United States Patent No. 6,324,685 ("the '685 patent") entitled "Applet Server that Provides Applets in Various Forms" was duly and legally issued.  A true and correct copy of the '685 patent is attached as Exhibit D.

14.     On December 13, 2005, United States Patent No. 6,976,248 ("the '248 patent") entitled "Application Server Facilitating with Client's Computer for Applets along with Various Formats" was duly and legally issued.  A true and correct copy of the '248 patent is attached as Exhibit E.

15.     On August 10, 2010, United States Patent No. 7,774,740 ("the '740 patent") entitled "Application Server" was duly and legally issued. A true and correct copy of the '740 patent is attached as Exhibit F.

16.     Pursuant to 35 U.S.C. § 282, the above-listed United States Patents are presumed valid.

17.     Edward Balassanian is the sole inventor of the '685, '248 and '740 patents (collectively "Application Server Patents-in-Suit"). The Application Server Patents-in-Suit have been assigned to Plaintiff. Plaintiff Implicit is the sole legal and rightful owner of the Application Server Patents-in-Suit.

18.     HP makes, uses, and sells products that infringe the Application Server Patents-in-Suit, such products including without limitation, its application server products and services including the HP-UX Server with Web Server Suite. In addition, HP has infringed and is still infringing the Application Server Patents-in-Suit in this country, through, *inter alia*, its active inducement of others to make, use, and/or sell the systems, products and methods claimed in one or more claims of the patents. In addition, HP has infringed and is still infringing these patents in this country through, *inter alia*, providing and selling goods and services including products designed for use in practicing one or more claims of the patents, where the goods and services constitute a material part of the invention and are not staple articles of commerce, and which have no use other than infringing one or more claims of the patents. HP has committed these acts with knowledge that the goods and services it provides are specially made for use in a manner that directly infringes these patents.

19.     HP's infringing conduct is unlawful and willful. This conduct makes this an exceptional case as provided in 35 U.S.C. § 285.

ORIGINAL COMPLAINT AND JURY DEMAND            4            Case No. _____

20.     The infringement of the Application Server Patents-in-Suit alleged above has injured the Plaintiff and thus, it is entitled to recover damages adequate to compensate for HP's infringement, which in no event can be less than a reasonable royalty.

21.     As a result of the infringement by HP, Plaintiff has been damaged, and will continue to be damaged, until these defendants are enjoined from further acts of infringement.  HP will continue to infringe unless enjoined by this Court.  Plaintiff faces real, substantial and irreparable damage and injury of a continuing nature from infringement for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment:

A.      that the Patents-in-Suit are valid and enforceable;

B.      that Defendant has infringed one or more claims of the Patents-in-Suit;

C.      that Defendant account for and pay to Plaintiff all damages caused by the infringement of the Patents-in-Suit, which by statute can be no less than a reasonable royalty;

D.      that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Defendant's infringement of the Patents-in-Suit;

E.      that this Court require Defendant to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which Defendant has complied with the injunction;

F.      that this be adjudged an exceptional case and the Plaintiff be awarded its attorney's fees in this action pursuant to 35 U.S.C. § 285;

G.      that this Court award Plaintiff its costs and disbursements in this civil action, including reasonable attorney's fees; and

H.      that Plaintiff be granted such other and further relief as the Court may deem just and proper under the current circumstances.

Dated: August 23, 2010                              Respectfully submitted,


SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*IMPLICIT NETWORKS, INC.*

## DEMAND FOR JURY TRIAL

Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.

Dated: August 23, 2010

Respectfully submitted,

_____

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*IMPLICIT NETWORKS, INC.*