IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPLICIT NETWORKS INC, | No. C 10-03746 SI |
| Plaintiff, | **ORDER RE DISCOVERY** |
| v. | |
| HEWLETT-PACKARD COMPANY, | |
| Defendant. | |

Currently before the Court is plaintiff's motion to compel defendant ("HP") to: (1) immediately produce its "full document production" within 30 days; (2) answer interrogatories 6, 7, 8, 12 and 13 within 30 days; and (3) produce a Rule 30(b)(6) witness on all "accused products" within 15 days. *See* Motion to Compel [Docket No. 43]. Implicit argues that HP has stonewalled discovery, refusing to produce a Rule 30(b)(6) deponent and failing to provide meaningful discovery. *Id*. at 2-3.

HP responds to the motion to compel arguing that any delays in discovery, and objections made, are the result of Implicit's deficient Patent L.R. 3-1 disclosures. HP asserts that Implicit's asserted claims and infringement contentions, served on March 25, 2011, fail to provide sufficient notice to HP of the accused instrumentalities, particularly where each limitation of each asserted claim is found within each accused instrumentality. Response to Motion to Compel [Docket No. 46]. Without more specific disclosures, HP argues that the discovery sought was impermissibly overbroad, including Implicit's request that HP produce a Rule 30(b)(6) deponent to discuss all "accused instrumentalities." *Id*. at 2. HP notes that Implicit has agreed to provide amended contentions on May 10, 2011, and argues that it will be able to produce more complete discovery after that point.

HP, however, also seeks an amended date for service of its Patent L.R. 3-3 and 3-4 disclosures; specifically allowing HP until July 22, 2011 to serve its invalidity contention disclosures in light of Implicit's amendment of its contention disclosures and because Implicit has already agreed to allow defendants in the other related cases Implicit is litigating (*e.g.*, F5, Juniper Networks and Cisco Systems) to file their invalidity contentions on July 22, 2011. Implicit objects to HP's request for extra time because HP has, without good cause, refused to provide meaningful discovery to date.

As far as the Court knows, Implicit provided HP with its amended asserted claims and infringement contentions on May 10, 2011. As far as the Court knows, HP produced a Rule 30(b)(6) deponent on May 12, 2011. Now that HP has received what it claims was lacking – Implicit's amended asserted claims and infringement contentions – HP should be able to fully comply with the outstanding discovery requests in a timely manner.

As such, the Court orders as follows:

(1) HP shall produce responsive documents within **45 days** of this Order. The Court, however, does not rule on any particular objections that HP has or may still assert related to Implicit's amended asserted claims and infringement contentions.

(2) HP shall provide answers to interrogatories 6, 7, 8, 12 and 13 within **30 days** of this Order. The Court, however, does not rule on any particular objections that HP has or may still assert related to Implicit's amended asserted claims and infringement contentions.

(3) Implicit's request to produce a Rule 30(b)(6) witness to testify as to all accused instrumentalities appears to be moot. If the parties have any continuing disputes over HP's production of Rule 30(b)(6) witnesses in light of the amended asserted claims and infringement contentions, they may submit those to the Court for determination.

(4) HP's request for additional time to provide its Patent L.R. 3-3 and 3-4 disclosures is granted in part. HP shall have until **June 30, 2011** to provide its disclosures.

**IT IS SO ORDERED.**

Dated: May 13, 2011

SUSAN ILLSTON
United States District Judge